**IN THE COURT OF APPEALS OF IOWA**

No. 14-0664
Filed June 10, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DENNIS TODD STEINLAGE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Chickasaw County, Richard D.

Stochl (suppression hearing), and John Bauercamper (trial and sentencing),

Judges.


        A defendant appeals the denial of a motion to suppress.  **AFFIRMED.**



        Judith O'Donohoe of Elwood, O'Donohoe, Braun & White, L.L.P., Charles

City, for appellant.

        Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney

General, and W. Patrick Wegman, County Attorney, for appellee.



        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, J.**

Dennis Todd Steinlage appeals from the denial of his motion to suppress evidence gathered during his detainment and arrest for operating while intoxicated, in violation of Iowa Code section 321J.2 (2011). He contends the law enforcement officer's seizure of him and his vehicle was not justifiable under the community caretaking exception to the warrant requirements of the Fourth Amendment and article 1, section 8 of the Iowa Constitution. He also contends the results of the Datamaster chemical test must be suppressed because the law enforcement officer denied him the right to the advice of counsel prior to requesting a preliminary breath test, contrary to the requirement of Iowa Code section 804.20. The State responds that the law enforcement officer was acting in an unquestionably legitimate exercise of the community caretaking function and that section 804.20 is inapposite in that it does not require the defendant to have the advice of counsel prior to a preliminary breath test.

The district court found the law enforcement officer's initial actions were a valid exercise of the community caretaking function where the officer reasonably was concerned for the welfare of the driver. Based on what the officer learned during the initial encounter, probable cause then supported a legitimate seizure. The court further found the statutory right to counsel under section 804.20 did not require the advice of counsel prior to a preliminary breath test. Section 804.20 affords the defendant a right to the advice of counsel prior to a chemical test; the defendant had the opportunity to consult with his attorney prior to consenting to the chemical test, therefore, and there is no violation requiring suppression of the

results.  On our review of the parties' arguments and the record below, we agree with the reasoning and conclusions of the district court.  Therefore, we affirm without further opinion pursuant to Iowa Court Rule 21.26(1)(d).

**AFFIRMED.**